MICHAEL A.S. NEWMAN (SBN 205299)
mnewman@hinshawlaw.com
BRIAN M. NOH (SBN 293564)
bnoh@hinshawlaw.com
JENNA U. NGUYEN
jnguyen@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone:  213-680-2800
Facsimile:   213-614-7399

Attorneys for Defendant
Gold Star Mortgage Financial Group Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| HADIA RAFEH, an individual; and RICHARD PLATA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLD STAR MORTGAGE FINANCIAL GROUP, CORP., a Michigan Corporation; and DOES 1 THROUGH 25, inclusive,<br><br>Defendants. | Case No.  2:19-cv-157<br><br>**DEFENDANT GOLD STAR MORTGAGE FINANCIAL GROUP CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 AND 1446 ON THE BASIS OF DIVERSITY JURISDICTION [28 U.S.C. § 1332]**<br><br>Complaint Filed 10/31/18 |
| --- | --- |

303008426v1 1013199

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

PLEASE TAKE NOTICE THAT Defendant Gold Star Mortgage Financial Group Corporation ("Gold Star") hereby removes to this Court the action commenced by Plaintiffs Hadia Rafeh ("Rafeh") and Richard Plata ("Plata"; collectively, "Plaintiffs") on October 31, 2018 in the Superior Court of the State of California, County of Los Angeles, entitled *Hadia Rafeh and Richard Plata v. Gold Star Mortgage Financial Group Corporation, et al.*, Case No. 18STCV03153.

## I.

## TIMELINESS

1. Gold Star signed an acknowledgement of service of summons and complaint, pursuant to Cal. Code Civ. Proc., § 415.30 in this action on December 10, 2018. Declaration of Michael A.S. Newman ("Newman Declaration"), ¶ 2. This removal therefore is timely. *See* 28 U.S.C. §1446(b). True and correct copies of the Complaint, summons, and all other documents served on Gold Star in this action are attached to the Newman Declaration as Exhibit "A."

## II.

## JOINDER

2. Other than Gold Star, no other non-fictitious defendants were named in the Complaint or served with a summons. *See* 28 U.S.C. § 1441(a); *Salveson v. Western Bankcard Assn.*, 731 F.2d 1423, 1429 (9th Cir. 1984). As such, no joinder is necessary.

///

///

## III.

## JURISDICTION

3.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is an action which may be removed to this Court by Gold Star pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs, as set forth more fully below.

## IV.

## CITIZENSHIP OF PARTIES

4.     Rafeh and Plata were and are, both at the time of the filing of the subject state court action and at the time of this removal, citizens of California, in that they are residents of the State of California with the current intent of continuing to reside in this State.

5.     Gold Star is, and at the time of the filing of the subject state court action was, a mortgage company incorporated under the laws of the State of Michigan, with its principal place of business in Ann Arbor, Michigan.  Declaration of Traci Haynes, ¶ 2.

## V.

## AMOUNT IN CONTROVERSY

6.     The amount in controversy in this action exceeds $75,000 (exclusive of interest and costs), as discussed below.

///

**HINSHAW & CULBERTSON** LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

303008426v1 1013199

7. Gold Star is not required to prove in absolute terms that more than $75,000 is at issue. Rather, a "defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). Here, there is no question that the amount at issue is "more likely than not" greater than $75,000. *See Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008):

> In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal.2002). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal.2005); *see also Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 399 (2d Cir.2003) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy; rather, it is the amount put in controversy by the plaintiff's complaint).

8. In addition, the amount in controversy includes "the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores*, LLC, No. 14-56305, 2016 WL 6122776, at *3 (9th Cir. Oct. 20, 2016).

9. In cases involving multiple plaintiffs, the removing defendant need only show that any one of the plaintiffs in this case, individually, satisfies the amount in controversy requirement. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005) ("We hold that, where the other elements of jurisdiction are present and at least one named plaintiff in the action satisfies the amount-in-

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

303008426v1 1013199

controversy requirement, [28 U.S.C.] § 1367 does authorize supplemental jurisdiction over the claims of other plaintiffs in the same Article III case or controversy, even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction."); *Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113, \*5 (E.D. Cal. 2006) ("In cases involving multiple plaintiffs, the removing defendant need only show that one of the plaintiffs has an amount in controversy greater than $ 75,000.00"); *Geerlof v. C&S Wholesale Grocers, Inc.*, 2014 U.S. Dist. LEXIS 51428, \*9-10, \*24 (E.D. Cal. 2014) (Where multiple employees sued employer for violations of overtime law, jurisdictional minimum was satisfied where only one such employee's claims exceeded $75,000).  However, here Plata and Rafeh ***both*** seek in excess of $75,000.

10.  The Complaint alleges that Plaintiffs are mortgage branch managers for Gold Star, both terminated on October 31, 2017.  [Complaint, ¶¶ 6-7.]  Plaintiffs further allege that they were misclassified as being exempt employees, but should in fact have been classified as non-exempt. [Complaint, ¶¶ 10-24.]  As such, Plaintiffs claim that they should have been paid overtime, and received other benefits. Id. Adding up the various categories of recovery they each seek in this lawsuit, it is clear that both Plaintiffs seek well in excess of $75,000.[1]

---

[1] It should go without saying that in discussing the amounts below, Gold Star does ***not*** admit liability for these claims. To the contrary, Gold Star denies liability.  Gold Star is simply using the payroll information to calculate the amounts that Plaintiffs seek based on their alleged claims. As for the methods used to calculate the amounts in controversy herein, Gold Star anticipates that Plaintiffs would use such methods, or methods similar to these, to calculate the exposure here. Gold Star reserves the right to contest particular methods for calculating exposure, and presents such calculations here solely for the purpose of showing that the amounts in controversy far exceed $75,000 for each Plaintiff.

**HINSHAW & CULBERTSON** LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

303008426v1 1013199

**Unpaid Commission**

11.     Plaintiffs allege they "they were owed $100,000 in commission" when they left Gold Star. [Complaint, ¶ 26.]  The Complaint does not specify whether Plata and Rafeh were *each* owed $100,000, or whether a single sum of $100,000 was owed to both.  The most straightforward reading of the allegation is that Plaintiffs claim they were each owed a half share of $100,000 – i.e., $50,000 to Plata and $50,000 to Rafeh.

**Meal Period Premiums and Rest Period Premiums**

12.     In the Third Cause of Action, for failure to provide proper meal breaks, Plaintiffs claim they were denied meal breaks on a daily basis, and are entitled to one hour of additional premium pay at the regular rate of compensation for each day in which proper rest periods were not provided. [Complaint, ¶ 61-64.]

13.     Rafeh worked for approximately 89 weeks, which amounts to roughly 445 days assuming a 5 day work week.  (i.e. 89 weeks x 5 days/week = 445). Declaration of Traci Haynes, ¶ 3, Exh B.  Rafeh's total gross earnings without potential adjustments were approximately $510,808.00.  Taking the estimate of 89 weeks and dividing this amount into the total gross earnings amount is approximately $5,739.00 per week. (i.e. $510,808.00 ÷ 89 weeks = $5,739.00.) Assuming a 40 hour work week, Rafeh's approximate regular rate of pay would round to approximately $144.00 per hour during the period she worked for Gold Star.  (i.e. $5,739.00 ÷ 40 hours = $143.48.)  At approximately $144.00 per hour, this means she demands a premium amounting to approximately $64,080.00 (445 days x $144.00/hour).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

303008426v1 1013199

14. Plata worked for approximately 91 weeks, which amounts to roughly 455 days assuming a 5 day work week. (i.e. 91 weeks x 5 days per week = 455 days.) Declaration of Traci Haynes, ¶ 3, Exh. C. Plata's total gross earnings without potential adjustments is approximately $387,741.00. Taking the estimate of 91 weeks and dividing this amount into the total gross earnings amount, rounds to approximately $4,261.00 per week. (i.e. $387,741.00 ÷ 91 weeks = $4,260.89.) Assuming a 40 hour work week, Plata's approximate regular rate of pay rounds to approximately $107.00 per hour during the period he worked for Gold Star. (i.e. $4,261.00 ÷ 40 hours = $106.52.) At approximately $107.00 per hour, this means he demands a premium amounting to approximately $47,615.00 (445 days x $107.00/hour).

15. In the Fourth Cause of Action, Plaintiffs claim they were denied rest breaks throughout their employment, and are entitled to one hour of additional premium pay at the regular rate of compensation for each day in which proper rest periods were not provided. [Complaint, ¶ 70-74.] Plaintiffs seek an hour's pay in rest break premium here, as they do for meal break premiums. Thus, Rafeh seeks approximately $64,080 for rest break violations, and Plata seeks approximately $47,615 for the same.

16. Thus, for combined rest and meal break violations, Rafeh seeks approximately **$128,000**, and Plata seeks approximately **$94,000**.

## Penalties under Lab. Code § 1174

17. In the Fifth Cause of Action, Plaintiffs each separately seek **$500** in penalties. [Complaint, ¶¶ 76-81.]

**HINSHAW & CULBERTSON** **LLP**
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

6

303008426v1 1013199

**Penalties under Lab. Code § 226(e)**

18.     In the Sixth Cause of Action, Rafeh and Plata each separately seek **$4,000** in penalties under Lab. Code § 226(e). [Complaint, ¶ 84.]

**Penalties under Lab. Code § 226.3**

19.     In the Seventh Cause of Action, Plaintiff's seek penalties under section 226.4, which provide for $250 penalty per employee for each pay period wherein the employer fails to provide itemized wage statements.  [Complaint, ¶ 90.]

20.     Rafeh worked for approximately 44 pay periods (Declaration of Traci Haynes, at ¶ 3, Exh. B), and thus she is seeking **$11,000** in penalties (44 x 250).

21.     Plata worked for approximately 50 pay periods (Declaration of Traci Haynes, at ¶ 3, Exh. C), so he is seeking **$12,500** in penalties (50 x 250).

**Waiting Time Penalties, Under Labor Code § 203**

22.     In their 11th Cause of Action, Plaintiffs allege they were entitled to waiting time penalties for wages unpaid at their termination, pursuant to Lab. Code § 203. Lab. Code 203 provides that, where an employer willfully fails to pay wages, after termination of employment the wages of the employee continue until paid, but not for more than 30 days.

23.     For commissioned employees, like Plata and Rafeh, daily wage rate has been calculated by adding the gross earnings that the employee earns in a year, dividing that sum by 52 weeks, and dividing that result by 40 hours. *Drumm v. Morningstar, Inc.*, 695 F.Supp.2d 1014, 1019 (N.D. Cal. 2010).  For the purposes of

**HINSHAW & CULBERTSON** **LLP**
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

303008426v1 1013199

this Notice of Removal only, Gold Star assume that this is an acceptable method for calculating hourly rates.

24. Here, in the 52 weeks preceding her termination, Rafeh's gross earnings were $357,090.96. Declaration of Traci Haynes, ¶ 3, Exh. B. Dividing that result by 52 weeks, and dividing that result by 40, this means that her hourly rate for the year leading up to her termination was approximately $171. At 8 hours a day, this means that thirty day's pay would have been approximately **$41,040**.

25. As for Plata, in the 52 weeks preceding his termination, his gross earnings were $158,694.15. Declaration of Traci Haynes, ¶ 3, Exh. C. Dividing that result by 52 weeks, and dividing that result by 40, this means that his hourly rate was approximately $76. At 8 hours a day, this means that thirty day's pay would have been approximately **$18,240**.

26. In addition, and not discussed in this Notice, Plaintiff seeks unpaid wages, overtime, and expenses, and attorney's fees, which are not specified.

27. Thus, the amount sought by Rafeh, just based on the above (which constitutes only a part of the amounts sought in the complaint), is **$234,700** (50,000 + 64,080 + 64,080 + 500 + 4,000 + 11,000 + 41,040= 234,700.)

28. The amount sought by Plata, again, just based on the above, is **$180,470**. (50,000 + 47,615 + 47,615 + 500 + 4,000 + 12,500 + 18,240 = 180,470)

29. Gold Star has not added to this the costs of complying with the injunction Plaintiffs seek (Complaint, ¶ 128), nor has Gold Star added the attorney fees that Plaintiffs' seek, both of which are properly part of the amount-in-

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

303008426v1 1013199

controversy analysis. *Gonzales v. CarMax Auto Superstores, LLC*, No. 14-56305, 2016 WL 6122776, at *3 (9th Cir. Oct. 20, 2016). Gold Star does not need to. As should be abundantly clear from the above discussion, in compensatory damages and penalties alone, Rafeh and Plata both seek well in excess of the $75,000 jurisdictional minimum for federal jurisdiction.

**PROCESS**

30.     A true and correct copy of the all pleadings filed in the Superior Court of the State of California for the County of Los Angeles in this action are attached to the Newman Declaration as Exhibit A.

31.     Written notice of the filing of this Notice of Removal has been given to the adverse party, and a copy has been filed with the Clerk of the Superior Court of the State of California for the County of Los Angeles, in accordance with the provisions of 28 U.S.C. Section 1446(d).

WHEREFORE, Defendant prays that this action be removed to this Court.

DATED: January 8, 2019                    HINSHAW & CULBERTSON LLP

By: */s/ Michael A.S. Newman*
MICHAEL A.S. NEWMAN
BRIAN M. NOH
JENNA U. NGUYEN
Attorneys for Defendant
Gold Star Mortgage Financial Group
Corporation

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

9

303008426v1 1013199