1
2

3
4
5
6
7
8
9
10

# United States District Court
# Central District of California

11

HADIA RAFEH; and RICHARD PLATA,

12

Plaintiff,

13

v.

14

GOLD STAR MORTGAGE FINANCIAL
GROUP, CORP.; and DOES 1 through 25,
inclusive,

15
16

17

Defendant.

Case No. 2:19-cv-00157-ODW (SKx)

**ORDER GRANTING
DEFENDANT'S MOTION TO
TRANSFER VENUE [10]**

18

19

## I.    INTRODUCTION

20      Presently before the Court is Defendant Gold Star Mortgage Financial Group,

21 Corp.'s Motion to Dismiss, or in the alternative, Transfer Venue ("Motion").  (ECF

22 No. 10.)   For the following reasons, the Court **GRANTS** Defendant's Motion to

23 Transfer Venue to the United States District Court for the Eastern District of

24 Michigan.[1]

25

26

27

28      [1] After carefully considering the papers filed in connection with the Motion, the Court deemed the
matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

On October 31, 2018, Plaintiffs Hadia Rafeh ("Rafeh") and Richard Plata ("Plata") (collectively, "Plaintiffs") filed their Complaint against Defendant Gold Star Mortgage Financial Group, Corp. in the Superior Court of California, County of Los Angeles.  (Notice of Removal Ex. A ("Compl."), ECF No. 1-2.)  On January 8, 2019, Defendant removed the case to this Court on the basis of diversity jurisdiction.  (Notice of Removal ¶ 3, ECF No. 1.)  Plaintiffs' Complaint alleges twelve causes of action based on various California state laws related to Defendant's categorization of Plaintiffs as exempt employees of Defendant.  (Compl. ¶¶ 15, 32–129.)

Plata worked for Defendant as a branch manager from approximately November 2015 until his termination on October 31, 2017.  (Compl. ¶ 6.)  Rafeh also worked for Defendant as a branch manager from approximately February 2016 until her termination on October 31, 2017.  (Compl. ¶ 7.)  Plaintiffs both worked at Defendant's Palmdale, California branch.  (Compl. ¶ 9.)  As part of Plaintiffs' employment with Defendant, Plaintiffs each signed an employment agreement.  (Decl. of Traci Haynes ("Haynes Decl.") Exs. B, D (collectively, "Employment Agreement"), ECF Nos. 10-3, 10-5.)  Defendant sent the Employment Agreement to Plaintiffs via email.  (Decl. of Richard Plata ("Plata Decl.") ¶ 5, ECF No. 13-2; Decl. of Hadia Rafeh ("Rafeh Decl.") ¶ 5, ECF No. 13-3.)  The Employment Agreement contained a section labeled "Governing Law," which provides:

> This Agreement shall be construed in all respects in accordance with the laws of the State of Michigan.  Any dispute arising out of the employment relationship shall be heard in a court of competent jurisdiction in Washtenaw County, Michigan or if federal court, the United States District Court for the Eastern District of Michigan.

(Employment Agreement 6.)

1    Plata signed the Employment Agreement on October 27, 2015.  (Haynes Decl.

2  Ex. D, at 6.)  Rafeh signed the Employment Agreement on January 6, 2016.  (Haynes

3  Decl. Ex. B, at 6.)[2]

4    On January 15, 2019, Defendant moved to dismiss Plaintiffs' Complaint, or

5  alternatively, transfer venue to the Eastern District of Michigan.  (*See generally* Mot.)

6  As transfer is proper based on the forum selection clause, the Court will not address

7  whether dismissal is proper based on the same clause.

8  ### III.    LEGAL STANDARD

9    "Forum-selection clauses . . . are prima facie valid and should be enforced

10  unless enforcement is shown by the resisting party to be 'unreasonable' under the

11  circumstances."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 9–10 (1972).  "The

12  party challenging the clause bears a heavy burden of proof and must clearly show that

13  enforcement would be unreasonable and unjust. . . ."  *Murphy v. Schneider Nat'l, Inc.*,

14  362 F.3d 1133, 1140 (9th Cir. 2004) (internal quotation marks omitted).  Courts have

15  recognized three reasons why enforcement of a forum selection clause would be

16  unreasonable:

17  > [F]irst, if the inclusion of the clause in the agreement was the product of

18  > fraud or overreaching; second, if the party wishing to repudiate the clause
     > would effectively be deprived of his day in court were the clause

19  > enforced; and third, if enforcement would contravene a strong public

20  > policy of the forum in which suit is brought.

21  *Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998) (internal

22  quotation marks omitted).

23

24

---

25  [2] Both Plaintiffs submitted declarations signed under penalty of perjury.  (Plata Decl. 4; Rafeh
     Decl. 4.)  Both Plaintiffs represented that they signed the employment agreement "attached hereto as

26  Exhibit 1" on October 22, 2015.  (Plata Decl. ¶ 5; Rafeh Decl. ¶ 5.)  No exhibits were attached to

27  their declarations and the Employment Agreement presented by Defendant indicates that the
     agreements were not signed on October 22, 2015.  The declarations appear to be poor copy-and-

28  paste jobs as they contain numerous inaccuracies that contradict the evidence and Plaintiffs' own
     Complaint.

Plaintiffs contend that the Court should deny transfer based on an analysis under 28 U.S.C. § 1404(a) and the corresponding *Jones*[3] factors. (Opp'n to Mot. ("Opp'n") 18–23, ECF No. 13.) However, a distinction exists between "the inconvenience necessary to establish unreasonableness of a forum selection clause and the balancing of convenience test appropriate in a change of venue or *forum non conveniens* motion." *Pelleport Inv'rs, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984). Where a forum selection clause is present, "a court must deem all factors relating to the private interests of the parties (such as the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses . . . and all other practical problems that make trial of a case easy, expeditious and inexpensive) as weighing" in favor of applying the forum selection clause. *Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087–88 (9th Cir. 2018) (internal quotation marks omitted). In contrast, courts can consider "factors relating to the public interest (such as the administrative difficulties flowing from court congestion [and] the local interest in having localized controversies decided at home . . .)"; however, "those factors will rarely defeat a transfer motion." *Id.* at 1088 (internal quotation marks omitted).

"The practical result is that a forum-selection clause should control except in unusual cases." *Id.* (internal quotation marks omitted). This is because a forum selection clause "represents the parties' agreement as to the most proper forum." *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013).

---

[3] In *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000), the Ninth Circuit set forth seven factors that courts should analyze when considering a motion to transfer under § 1404(a). Generally, courts will consider: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Id.* at 498–99.

# IV. DISCUSSION

The Court finds that all three factors favor transferring this action to the United States District Court for the Eastern District of Michigan.

## A. Fraud or Overreaching

The first factor that courts analyze is whether the forum selection clause is the product of fraud or overreaching. "Overreaching" is generally seen as a "ground short of fraud." *Murphy*, 362 F.3d at 1141.

However, Plaintiffs do not argue that the forum selection clause was the product of fraud or overreaching, just that the clause was unfair due to a lack of notice. (Opp'n 6–7.) This is unpersuasive. Although framed as a lack of notice, Plaintiffs' argument essentially boils down to Plaintiffs' failure to read the forum selection clause. The forum selection clause is on the same page that Plaintiffs signed their agreements. Had Plaintiffs read the six-page Employment Agreement or even just the page they signed, Plaintiffs would have been aware of the forum selection clause.

Plaintiffs next argue the Employment Agreement was unconscionable. (Opp'n 16.) Although unconscionability is discussed more thoroughly below, Plaintiffs argue that the Employment Agreement was presented on a "take it or leave it" basis, Plaintiffs lacked ability to negotiate the terms of the agreement, and Plaintiffs were rushed into signing the agreement because of their need for employment. (Opp'n 16.) However, these arguments are also unpersuasive. The Ninth Circuit has made clear that power differentials and unequal bargaining power are insufficient grounds to reject enforcement of a forum selection clause. *Murphy*, 362 F.3d at 1141 (declining to enforce forum selection clause "merely on the showing of non-negotiability and power difference" between the parties).

The Court further notes that this was not a situation where the parties physically met when Plaintiffs signed the agreements. Both Plaintiffs represent that Defendant emailed them the Employment Agreement and told them to sign it. (Plata Decl. ¶ 5; Rafeh Decl. ¶ 5.) However, there is no evidence that Plaintiffs did not have time or

could not have consulted an attorney prior to signing and returning the Employment Agreement via email. There is also no evidence that Defendant pressured Plaintiffs into signing the Employment Agreement. Plaintiffs argue that Defendant was "very aggressive and persistent" in their solicitation of Plaintiffs; however, persistent solicitation is different from forcing Plaintiffs to sign the Employment Agreement or accept the forum selection clause. Plaintiffs could have simply declined the six-figure job offer to be branch managers through email and sought other job opportunities.

Plaintiffs have not provided any evidence that the forum selection clause was not clearly communicated or that it was the product of fraud or overreaching. As such, this factor weighs in favor of transfer.

**B. Plaintiffs' Day in Court**

The second factor concerns whether enforcing the forum selection clause would deprive Plaintiffs of their day in court.

"To demonstrate that enforcing a forum selection clause would deprive a party of her day in court, a party must show that the selected forum makes it an impossibility for her to try her case, not simply a less convenient or effective means of doing so." *Bowman v. Kona Univ., Inc.*, No. CV 13-03873 DDP (AGRx), 2013 WL 3819674, at *2 (C.D Cal. July 23, 2013) (internal quotation marks omitted). In *Murphy*, the Ninth Circuit held that the plaintiff's financial troubles and physical disability could bar a plaintiff from litigating his claim if he were held to a forum selection clause. 363 F.3d at 1143. However, although a *combination* of factors may render a forum selection clause invalid, "neither severe physical limitation nor economic hardship *alone* is generally enough." *Pratt v. Silversea Cruises, LTD.*, No. C 05-0693 SI, 2005 WL 1656891, at *3 (N.D. Cal. July 13, 2005) (emphasis added); *see also Murphy*, 363 F.3d at 1143. Further, "[a] party claiming extreme financial difficulty, cannot . . . simply make bare assertions of dire financial situations or significant financial hardship." *Bowman*, 2013 WL 3819674, at *3 (internal quotation marks and alterations omitted).

Here, Plaintiffs argue that litigating their claim in Michigan will "deprive Plaintiffs of their day in court as it will work an immense hardship" on them. (Opp'n 7.) Specifically, Plaintiffs state that "financial hardship along with lack of notice" of the forum selection clause "weighs in favor in non-enforcement." (Opp'n 7.) Plaintiffs both submit declarations that state: "I do not have the resources to litigate this case in Michigan. I am currently a co-branch manager with Alameda Mortgage Corporation, which is my primary source of income. I have some personal debts which I have not been able to resolve as a result of Defendant's conduct and nonpayment of wages." (Plata Decl. ¶ 7 (emphasis omitted); Rafeh Decl. ¶ 7 (emphasis omitted).) However, as stated above, economic hardship alone is insufficient. Plaintiffs have not alleged any physical limitations that would prevent them from traveling. Further, Plaintiffs are both gainfully employed as co-branch managers. Put simply, their declarations asserting financial hardship, without more, are insufficient to establish that they would be deprived of their day in court if the forum selection clause is enforced. Although it may make litigating the case inconvenient, inconvenience does not deprive Plaintiffs of their day in court. As such, this factor weighs in favor of transfer.

### C. Public Policy

The final factor considers whether enforcement of the forum selection clause would contravene a strong public policy of the forum in which the suit is brought. Specifically, "courts tether their policy analysis to the forum selection clause itself, finding the forum selection clause unreasonable only when it contravenes a policy specifically related to venue." *Rowen v. Soundview Commc'ns, Inc.*, No. 14-cv-05530-WHO, 2015 WL 899294, at *4 (N.D. Cal. Mar. 2, 2015).

Plaintiffs attempt to shift the issue by arguing that applying the forum selection clause would result in enforcing a choice of law provision. (Opp'n 7–14.) However, these are two separate issues. Assuming *arguendo* that there is a choice of law issue (as discussed below, this is not an issue here), the problem with this argument is that

choice of law issues are the same for a district court in Michigan or California: both courts, sitting in diversity, will have to consider which law (California or Michigan) to apply to the claims. Nonetheless, "[a] forum selection clause determines where the case will be heard, it is separate and distinct from choice of law provisions that are not before the court." *Besag v. Custom Decorators, Inc.*, No. CV08-05463 JSW, 2009 WL 330934, at *4 (N.D. Cal. Feb. 10, 2009) (internal quotation marks omitted). "Thus, a party challenging enforcement of a forum selection clause may not base its challenge on choice of law analysis." *Id.* Enforcing a forum selection clause to transfer this case to Michigan, the forum bargained-for by the parties, does not require the application of Michigan law to Plaintiffs' claims.

Moreover, Plaintiffs' challenge to the forum selection clause based on the choice of law provision is moot. Defendant unequivocally states that it "stipulates that the choice of law language in Exhs. B and D [(the Employment Agreement)] only applies to the interpretation of the contract, and likewise stipulates that the choice of law language . . . does not preclude Plaintiffs from invoking the protections of California employment law. [Defendant] waives any contrary interpretation of the language." (Reply 8, ECF No. 14.)

Given this context, the Court concludes that Plaintiffs have not carried the heavy burden of establishing that the forum selection clause is unenforceable. *See Swenson v. T–Mobile USA, Inc.*, 415 F. Supp. 2d 1101, 1104–05 (S.D. Cal. 2006) (rejecting a plaintiff's challenge to a forum selection clause on the basis that transfer would lead to the application of Washington law in violation of California's public policy against covenants not to compete in employment agreements).

Plaintiffs also argue that California Labor Code section 925 prohibits enforcement of the forum selection clause. (Opp'n 4–5.) Labor Code section 925 prohibits employers from requiring an employee, who primarily resides and works in California, to agree to a provision that requires the employee to adjudicate her claims arising in California outside of California. Cal. Lab. Code § 925(a). However,

California Labor Code section 925 applies only to "a contract entered into, modified, or extended on or after January 1, 2017." *Id.* § 925(f). Plaintiffs argue that the Employment Agreement "was modified and extended via pay raises, etc. after January 2017, and legal counsel was not involved." (Opp'n 5.) Plaintiffs' position is unsupported. There is no evidence that the Employment Agreement containing the forum selection clause was entered into, modified, or extended after January 1, 2017. The Employment Agreement also does not address the issue of pay, so it is a stretch to argue that pay-raises resulted in its modification or extension. Plata signed the Employment Agreement on October 27, 2015, and Rafeh signed the Employment Agreement on January 6, 2016. There is no evidence of subsequent modification of the agreements. Plaintiffs entered into the Employment Agreement containing the forum selection clause before California Labor Code section 925 became effective. Thus, Plaintiffs cannot seek its protection.

As all three factors weigh in favor of enforcing the forum selection clause, transfer is proper.

### D.    Unconscionability

Finally, in a last-ditch attempt to nullify the forum selection clause, Plaintiffs argue that the forum selection clause is unconscionable under California law. However, the Ninth Circuit has rejected this argument. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1264–65 (9th Cir. 2017) (internal quotation marks omitted) (holding that "California courts must enforce a forum selection clause unless the clause is unreasonable because the forum selected would be unavailable or unable to accomplish substantial justice").

Under California law, the party asserting that a contractual provision is unconscionable bears the burden of proof. *Sanchez v. Valencia Holding Co.*, 61 Cal. 4th 899, 911 (2015). Generally, unconscionability has "both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Id.* at 910.

Procedural and substantive unconscionability do not need to be present in the same degree; rather, "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000).

In *Tompkins v. 23andMe, Inc.*, the Ninth Circuit, in considering a challenge that a forum selection clause was unconscionable, held that the California Supreme Court "concluded that forum selection clauses are valid and may be given effect, in the court's discretion and in the absence of a showing that enforcement of such a clause would be unreasonable." 840 F.3d 1016, 1027 (9th Cir. 2016) (internal quotation marks omitted) (citing *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 495 (1976) (en banc)). *Tompkins* further found that "California courts have generally expressed a policy approving forum selection clauses because they play an important role in both national and international commerce." *Id.* at 1028 (internal quotation marks omitted). As such, in order to establish substantive unconscionability, "[p]arties opposing a forum selection clause must now show that the forum is unavailable or unable to accomplish substantial justice." *Capili v. Finish Line, Inc.*, 699 F. App'x 620, 622 (9th Cir. 2017) (internal quotation marks omitted).

Plaintiffs have not met their burden that the forum selection clause is unconscionable, procedurally or substantively. Plaintiffs argue that the forum selection clause is procedurally unconscionable because it was "one of adhesion." (Opp'n 16.) This is insufficient. California courts have approved forum selection clauses within an adhesion contract. *Intershop Commc'ns v. Superior Court*, 104 Cal. App. 4th 191, 201 (2002) ("Plaintiff further argues that enforcement of the forum selection clause would be unreasonable because the clause was contained within an adhesion contract. We reject the argument."). As long as the forum selection clause provides adequate notice to the party, i.e. the location of the forum, courts will enforce forum selection clauses even if it is presented in an adhesion contract. *Hunt v.*

*Superior Court*, 81 Cal. App. 4th 901, 908 (2000). Here, the forum selection clause communicated to Plaintiffs that disputes "arising out of the employment relationship shall be heard in a court of competent jurisdiction in Washtenaw County, Michigan or if federal court, the United States District Court for the Eastern District of Michigan." (Employment Agreement 6.) Thus, Plaintiffs' argument for procedural unconscionability fails. Plaintiffs have also not established substantive unconscionability, i.e., that the U.S. District Court for the Eastern District of Michigan is unavailable or will be unable to accomplish substantial justice. As established above, a district court in Michigan is similarly situated to this Court.

Accordingly, Plaintiffs have not met their burden that the forum selection clause is unconscionable. Moreover, as Plaintiffs have not shown that the forum selection clause is the product of fraud or overreaching, that enforcement would deprive Plaintiffs of their day in court, and that enforcement would contravene a strong public policy of California, the Court must enforce the forum selection clause.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion to Transfer. (ECF No. 10.) The Clerk of the Court shall transfer this case to the United States District Court for the Eastern District of Michigan, located at 231 W. Lafayette Blvd., Detroit, Michigan 48226.

**IT IS SO ORDERED.**

July 12, 2019

_____

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**